UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOSE LUIS SANCHEZ-RONQUILLO,

        Petitioner,

v.

        Case Number 17-11395
        Honorable David M. Lawson

REBECCA ADDUCCI,

        Respondent.

_____/

## **OPINION AND ORDER GRANTING MOTION TO VACATE ORDER STAYING REMOVAL AND DISMISSING PETITION FOR WRIT OF HABEAS CORPUS**

    Petitioner Jose Sanchez-Ronquillo, a citizen of Mexico who is present in the United States without lawful permission, has filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241 in which he asks this Court to stay his imminent removal until his request to reopen his immigration proceedings is fully adjudicated. Shortly after the petition was filed, the Court entered an order temporarily staying removal so that it could determine its jurisdiction. The government then filed a motion to vacate the stay order, and the Court scheduled oral argument. At the argument, the government asked the Court also to consider its motion as a motion to dismiss the petition for want of subject matter jurisdiction. The Court allowed the parties to file supplemental briefs. Because Congress, in the REAL ID Act, stripped district courts of jurisdiction to review orders of removal, the Court likewise has no jurisdiction to stay removal. Therefore, the petition must be dismissed for want of subject matter jurisdiction.

I.

    Jose Luis Sanchez-Ronquillo is a native and citizen of Mexico. He entered the United States, without inspection, to visit a cousin in the Ann Arbor area in 1998. He returned to Mexico at some

time in 2001 to attend to his sick mother. Upon his return to the United States later that same year, the Border Patrol caught him crossing the border on foot, detained him, and returned him to Mexico. Some later time, although it is not clear when, he again crossed the border, this time without detection. He has not left the United States since that time.

Sanchez-Ronquillo was arrested by a deputy sheriff in Washtenaw County, Michigan on May 25, 2009 for damage to personal property. Agents from the Bureau of Immigration and Customs Enforcement (ICE) then arrested him in June 2009. The state charges were dropped, but the Department of Homeland Security commenced removal proceedings that month.

Sanchez-Ronquillo conceded removability and applied for cancellation of removal and adjustment of status. He was represented by counsel at the time. His request was denied by an immigration judge on August 13, 2012. He appealed the decision to the Board of Immigration Appeals (BIA). On May 10, 2013, the BIA dismissed his appeal. Although Sanchez-Ronquillo had the right to appeal the BIA's decision to the Sixth Circuit, it does not appear that he did so.

ICE agents detained Sanchez-Ronquillo on April 19, 2017 in anticipation of removal. He filed a motion in the BIA to reopen his case and an application for stay of removal. The BIA denied his application for a stay, but his motion to reopen remains pending. The petitioner was scheduled to be removed on May 2, 2017. He filed his petition for a writ of habeas corpus in this Court on May 1, 2017. As noted above, the Court stayed his removal, and the government moved to vacate the stay. The Court heard oral argument on the motion and has received a supplemental brief from the petitioner.

II.

The government argues that the stay should be vacated and the petition dismissed because district courts have no subject matter jurisdiction to review immigration removal orders.

Undoubtedly, this Court has the authority to determine its own jurisdiction. *Atkinson v. Morgan Asset Mgmt., Inc.*, 658 F.3d 549, 552 (6th Cir. 2011) (holding that "the court has the 'adjudicatory power . . . to determine its own jurisdiction to deal further with the case'") (quoting *Kircher v. Putnam Funds Trust,* 547 U.S. 633, 643-44 (2006)). And the Court has the power to stay the affected proceedings so that it can make that determination. *United States v. United Mine Workers of Am.*, 330 U.S. 258, 290 (1947) (asserting that "the District Court unquestionably had the power to issue a restraining order for the purpose of preserving existing conditions pending a decision upon its own jurisdiction"); *see also Am. Fed'n of Musicians v. Stein*, 213 F.2d 679, 689 (6th Cir. 1954) (noting that "these and other questions going to the jurisdiction of the district court to entertain the case were grave and difficult, and justified the district court in its issuance of the preliminary injunction in order to reserve its decision on jurisdiction to a time when, after a hearing, adequate study and reflection would be afforded properly to interpret and apply the law").

The petitioner insists that the Court can do more. He says that his petition raises questions about his rights under the Due Process Clause, essentially contending that he will be denied his right to be heard if he is deported before the BIA adjudicates his petition to reopen his case. It appears that he also intends to assert an equitable claim, in that he has offered compelling evidence of his fitness to remain in this country, his history of contributing to the community, and his family's crucial need that he remain with them in Michigan.

The government accurately asserts, however, that federal district courts do not have jurisdiction over habeas challenges to an order of removal. *See Muka v. Baker*, 559 F.3d 480, 483 (6th Cir. 2009). The Court's jurisdiction to consider a petition for habeas corpus brought under 28 U.S.C. § 2241 by an alien in detention following a final order of removal is limited to determining "whether the detention in question exceeds a period reasonably necessary to secure removal." *Zadvydas v. Davis*, 533 U.S. 678, 699 (2001). The sole means for judicial review of an order of removal is a petition for review in the appropriate court of appeals. 8 U.S.C. §§ 1252(b)(9), (g); *Tilley v. Chertoff*, 144 F. App'x 536, 538 (6th Cir. 2005). The Immigration and Naturalization Act makes clear that a district court may not review any "questions of law and fact" "arising from any action taken or proceeding brought to remove an alien from the United States." 8 U.S.C. § 1252(b)(9). In section 106(a) of The REAL ID Act of 2005, H.R. 1268, 109th Cong. (2005) (enacted), Pub. L. No. 109-13, Div. B, 119 Stat. 231, Congress has stated clearly that "no court shall have jurisdiction, by habeas corpus under section 2241 of Title 28 or any other habeas corpus provision, by section 1361 or 1651 of such title, or by any other provision of law (statutory or nonstatutory), to review such an order or such questions of law or fact." *Ibid.* For the same reasons, the Court cannot stay the petitioner's impending deportation, because Congress has stripped the district court of authority to hear cases that question the Attorney General's decision to "execute removal orders" against deportable aliens. *Ibid.*

The petitioner makes three arguments in support of his position that this Court has subject matter jurisdiction to grant him relief from an order of removal. First, he argues that because federal courts have enjoined the current President's so-called "travel ban," this Court likewise has jurisdiction to find for the petitioner. It is true that district courts have enjoined enforcement of

Executive Order 13,769, "Protecting the Nation from Foreign Terrorist Entry into the United States," 82 Fed. Reg. 8977 (Jan. 27, 2017), and Executive Order 13,780, 82 Fed. Reg. 13209 (Mar. 9, 2017), the so-called "travel bans." And he points to orders by district courts that have stayed removal without regard to the REAL ID Act. Supp. Response at 2. *See Darweesh v. Trump*, 2017 WL 388504 (E.D.N.Y. Jan. 28, 2017); *Washington v. Trump*, 2017 WL 462040 (W.D. Wash. Feb. 3, 2017); *Int'l Refugee Assistance Project v. Trump*, 2017 WL 1018235 (D. Md. Mar. 16, 2017).

The courts that have entered such orders have done so in cases questioning whether the executive orders violated the First Amendment's Establishment Clause, the equal protection component of the Fifth Amendment's Due Process Clause, the Immigration and Nationality Act (INA), 8 U.S.C. §§ 1101-1537 (2012), the Religious Freedom Restoration Act, 42 U.S.C. §§ 2000bb to 2000bb-4 (2012), the Refugee Act, 8 U.S.C. §§ 1521-1524 (2012), and the Administrative Procedure Act, 5 U.S.C. §§ 701-706 (2012). Those stays, of course, have been modified significantly. *See Trump v. Int'l Refugee Assistance Project*, --- U.S. ---, 137 S. Ct. 2080, 2088 (2017). Based on those actions, the petitioner argues that "it is beyond question that the federal judiciary retains the authority to adjudicate constitutional challenges to executive action." Supp. Resp. at 3 (citing *Washington v. Trump*, 847 F.3d 1151, 1164 (9th Cir. 2017); *see also Boumediene v. Bush*, 553 U.S. 723, 765 (2008) (The "political branches" lack "the power to switch the Constitution on or off at will.")). Without specific references, he argues Executive Orders 13,767, 82 Fed. Reg. 8793, and 13,768, 82 Fed. Reg. 8799, serve as the basis for his deportation. He notes that although the executive orders have received less attention than the "travel ban" executive orders, they are unconstitutional and the Court can adjudicate the issue.

That argument is somewhat misdirected, however, because the propriety of the executive orders is not central to the question before the Court. The petitioner seeks a habeas writ and stay of an order of removal pending review by the BIA of his motion to reopen his case. The petition does not mention any executive orders, and the petitioner has made no constitutional challenge to any executive orders. The REAL ID Act did not bar actions in the cases relied on by the petitioner because it was not implicated. Here, however, the REAL ID Act vests subject matter in the court of appeals to review decisions by the BIA and strips district courts of the jurisdiction to do so.

The petitioner's second argument is based on the Fifth Circuit's enjoining President Obama's executive order known as Deferred Action for Parents of Americans and Lawful Permanent Residents (DAPA). *See Texas v. United States*, 787 F.3d 733 (5th Cir. 2015). He reasons that because that court, citing the Administrative Procedure Act, blocked the Department of Homeland Security's effort to implement DAPA, this Court likewise has authority to stay an executive action relating to deportation. Supp. Resp. at 4. The petitioner's reasoning does not track. DAPA set forth criteria for exercising prosecutorial discretion under immigration laws through the use of deferred action, on a case-by-case basis, to allow individuals who otherwise were not legally within the United States to remain for some period of time. *Id*. at 744. Twenty six states challenged the order on several grounds, including a challenge that DAPA was a substantive rule of an agency that required a notice-and-comment period under the Administrative Procedure Act. *Id*. at 745-46. The Fifth Circuit found that the government was unlikely to succeed in showing that DAPA was exempt from the APA's notice-and-comment requirement for substantive rules, and therefore it denied the government's motion to stay the preliminary injunction issued by the district court. *Id*. at 762-67.

Here, the petitioner contends that this Court has the same authority to review executive orders under the APA and enjoin their enforcement for failure to allow a notice-and-comment period. Supp. Resp. at 6. Although that may be true, *see Texas,* 787 F.3d at 756 (the "United States has not rebutted the strong presumption of reviewability with clear and convincing evidence that the INA precludes review"), the petitioner has not raised a challenge to any executive orders under the APA. His contention instead is that this Court should give him relief from the removal order while the merits of his motion to reopen proceedings is adjudicated. Regardless of the contents of any executive orders, Congress has stated that such relief must come from the BIA, and then the court of appeals.

The petitioner's third argument is that this Court has jurisdiction to protect the petitioner's due process rights and to act in the public interest. He contends generally that the Court may address the unlawful detention of undocumented immigrants whose exact departure date cannot be established. That is undoubtedly true. *See Zadvydas*, 533 U.S. at 699. But that narrow exception to the jurisdiction- stripping features of the REAL ID Act simply does not apply here. The petitioner has not been in custody anywhere near the six months that could trigger review under *Zadvydas*. Moreover, the petitioner has not offered any evidence suggesting that "there is no significant likelihood of removal in the reasonably foreseeable future." *Id.* at 701. To the contrary, the petitioner's removal was imminent when he filed his petition.

None of the petitioner's arguments convince the Court that there is subject matter jurisdiction to entertain his petition.

At oral argument, petitioner's counsel made reference to two cases that she believed would establish jurisdiction in this Court to proceed with the petition. One was *Nken v. Holder*, 556 U.S.

418 (2009). In that case, the Court addressed the circumstances under which a *court of appeals* may issue an injunction blocking the removal of an alien from this country. 556 U.S. 418 (2009). Under the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 (IIRIRA), "a court may not 'enjoin' the removal of an alien subject to a final removal order, 'unless the alien shows by clear and convincing evidence that the entry or execution of such order is prohibited as a matter of law.'" *Id*. at 423 (quoting 8 U.S.C. § 1252(f)(2)). But the Court held that the traditional factors should govern a court of appeals's determination to issue a stay of removal pending review of a BIA decision. Those factors consist of (1) substantial likelihood of success on the merits, (2) irreparable injury absent a stay, (3) substantial harm to others caused by a stay, and (4) the public interest. *Id*. at 426 (quoting *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987)). The Court explained that a "court's power to hold an order in abeyance while it assesses the legality of the order has been described as 'inherent,' preserved in the grant of authority to federal courts to 'issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." *Ibid*. (quoting All Writs Act, 28 U.S.C. § 1651(a)). However, the power to review an immigration order of removal does not lie with the district court. Congress vested that authority in the courts of appeals. 8 U.S.C. § 1252(a)(5) ("a petition for review filed with an appropriate court of appeals in accordance with this section shall be the sole and exclusive means for judicial review of an order of removal entered or issued under any provision of this chapter."). Absent review authority, there can be no "inherent" stay authority. *Nken* does not help the petitioner's cause.

The petitioner also made reference to *Villegas de la Paz v. Holder*, 640 F.3d 650 (6th Cir. 2010). In that case, the court of appeals considered the impact of a statute that barred review of a removal order after an alien, who was removed under such an order, unlawfully reentered the United

States. *See* 8 U.S.C. § 1231(a)(5) ("If the Attorney General finds that an alien has reentered the United States illegally after having been removed or having departed voluntarily, under an order of removal, the prior order of removal is reinstated from its original date and is not subject to being reopened or reviewed."). The Sixth Circuit held that, despite that statute, the court of appeals retains jurisdiction to review "constitutional claims or questions of law raised upon a petition of review." *Villegas*, 640 F.3d at 656 (citing 8 U.S.C. § 1252(a)(2)(D)). Its reasoning was based on the recognition that section 1252(a)(2)(D) "re-vests the *circuit courts* with jurisdiction over constitutional claims or questions of law raised in the context of reinstatement proceedings." *Ibid*. (emphasis added). The case does not support the petitioner's argument that district courts are vested with such authority.

Petitioner Sanchez-Ronquillo has identified some very good reasons why he should not be deported, despite his illegal status. Unfortunately, however, the federal district courts are not the place for him to present his claims. Even if the Court were convinced that the removal order should be cancelled, Congress has not empowered this Court with the authority — the jurisdiction — to furnish such relief.

### III.

The federal district courts do not have subject matter jurisdiction over habeas challenges to an immigration order of removal. Nor do they have jurisdiction to stay such orders pending action by another court or agency.

Accordingly, it is **ORDERED** that the government's motion to vacate the order staying removal [dkt. #3] is **GRANTED**.

It is further **ORDERED** that the order staying removal is **VACATED** and the petition for writ of habeas corpus is **DISMISSED**.

                                                                 s/David M. Lawson
                                                                 DAVID M. LAWSON
                                                                 United States District Judge

Dated:   August 7, 2017

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on August 7, 2017.

                            s/Susan Pinkowski
                            SUSAN PINKOWSKI